IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | | |
|---|---|---|---|
| **SEAN THOMAS,** | * | | |
| | * | | |
| Plaintiff, | * | | |
| | * | | |
| v. | * | Civil No. | **PJM 16-3507** |
| | * | | |
| **MARS, INCORPORATED,** *et al.*, | * | | |
| | * | | |
| Defendants. | * | | |

## MEMORANDUM OPINION

### I. NATURE OF CASE AND PROCEDURAL HISTORY

Sean Thomas has sued Mars, Incorporated (Mars) and Maryland CVS Pharmacy, L.L.C. (CVS)[1] (collectively, Defendants). *See* Compl., ECF No. 2. He alleges that on January 15, 2013, when he began to consume a candy bar manufactured and released into the stream of commerce by Mars, which he purchased at a CVS store in Waldorf, Maryland, he bit into a nail that was concealed within the bar and sustained serious injury. *Id.* ¶¶ 4-5. He subsequently filed a Complaint, ECF No. 2, against Defendants in the Circuit Court for Prince George's County, Maryland, consisting of claims of negligence, breach of warranty, and strict liability, seeking damages in an amount in excess of $75,000. *Id.* ¶¶ 6-24. CVS removed the case to this Court based on diversity jurisdiction, *see* ECF No. 1, and since then, both Mars and CVS have filed Answers. ECF Nos. 7, 8.[2]

---

[1] In his Complaint, ECF No. 2, Thomas improperly sued CVS as "CVS Pharmacy, Inc." CVS noted the mistake in its Answer, and Thomas has corrected this mistake in his subsequent filings.
[2] At one point, CVS filed a crossclaim against Mars. ECF No. 13. However, CVS withdrew the crossclaim two months later. ECF No. 17.

Earlier this year in this Court, Mars filed a Motion to Preclude Thomas' Expert Testimony and Rebuttal Expert Testimony. ECF No. 16. Thomas responded[3] and also filed his own Motion for Leave to File an Amended Complaint and Remand the Case to the Circuit Court for Prince George's County, Maryland. ECF No. 19. The Amended Complaint attached to the Motion alters the amount of damages from an amount in excess of $75,000 to $74,500. Mars opposes this proposed alteration of the *ad damnum* clause, and opposes remand of the case to state court.

Thomas' Motion for Leave to File an Amended Complaint and Remand the Case to the Circuit Court for Prince George's County, Maryland (ECF No. 19) is **DENIED**. The Court **DEFERS** ruling on Mars' Motion to Preclude Thomas' Expert Testimony and Rebuttal Expert Testimony (ECF No. 16) and requests that the parties, within 21 days, file written response to the Court's concerns raised herein.

## II. ANALYSIS

Thomas' Motion for Leave to File an Amended Complaint and Remand the Case to the Circuit Court for Prince George's County, Maryland (ECF No. 19) is easily disposed of.

Thomas failed to seek leave to file his Amended Complaint until nearly three months after the deadline for doing so. Furthermore, it is well settled that federal jurisdiction is "fixed at the time the . . . notice of removal is filed." *Dennison v. Carolina Payday Loans, Inc.,* 549 F.3d 941, 943 (4th Cir.2008). What this means is that "a court determines the existence of diversity jurisdiction at the time the action is filed, regardless of later changes in originally crucial facts such as the parties' citizenship or the amount in controversy." *Porsche Cars N. Am., Inc. v. Porsche.net,* 302 F.3d 248, 255–56 (4th Cir.2002) (citation and internal quotations marks

---

[3] In his response, Thomas states that he "is certainly amenable to extending [discovery deadlines] for the completion of any necessary discovery." ECF No. 21 at 3.

omitted). "If, at [the time of removal], the parties are citizens of different states and the amount in controversy exceeds $75,000, the Court has jurisdiction on the basis of diversity 'regardless of later changes in . . . the amount in controversy.'" *Francis v. Allstate Ins. Co.,* 869 F.Supp.2d 663, 667–68 (D.Md.2012). "Numerous courts have concluded that federal courts retain subject matter jurisdiction where a plaintiff amends the complaint after removal so as to place the amount in controversy below the jurisdictional threshold." *Ross v. Mayor & City Council of Baltimore*, 2014 WL 2860580, at *6 (D. Md. June 20, 2014) (collecting cases).

In short, Thomas cannot alter the amount in controversy in order to oust the Court of diversity jurisdiction, and his Motion is denied.

As for Mars' Motion to Preclude, it is clear that Thomas has been remiss in not filing his Rule 26(a)(2) disclosures within the applicable deadlines.[4] However, a trial date has yet to be set in this case. Accordingly, while the Court is at present inclined to deny Defendants' Motion, it will do so only if Thomas is prepared to meet the following conditions: (1) Thomas must pay Defendants the costs related to the taking of Thomas' expert's deposition including the cost of the expert's time, if any (but excluding Defendants' attorneys' fees and costs); (2) Thomas must pay Defendants the reasonable costs related to the retention and deposition of an expert by Defendants, including the reasonable cost of the expert's time, if any (but excluding Defendants' attorneys' fees and costs); (3) the parties shall consult with one another and agree on extended discovery dates.[5] The Court believes that if Thomas agrees to each of these conditions, Defendants will not otherwise be disadvantaged with respect to the merits of their case. *See S.*

---

[4] Thomas' oversight, which his counsel admits, is not a trivial one. Parties are expected to comply with scheduling orders and their deadlines (absent extenuating circumstances), and, at the very least, are obliged to file timely motions requesting extensions when necessary.

[5] Consistent with the Court's proposed conditions herein, Defendants shall, within seven days, present to Thomas a bill of projected costs along with proposed amended discovery dates. The parties shall then, within 14 days, affirm—if such be the case—that they have reached an agreement whereby Thomas commits to meeting the Court's conditions and the discovery dates are extended.

*States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 595-96 (4th Cir. 2003).[6] If the proposed compensation is provided by Thomas and the discovery deadlines are extended, Defendants will be able to depose Thomas' expert's credentials and conduct any other expert related discovery.

## IV. CONCLUSION

For the foregoing reasons, Thomas' Motion for Leave to File an Amended Complaint and Remand the Case to the Circuit Court for Prince George's County, Maryland (ECF No. 19) is **DENIED**. With regard to Mars' Motion to Preclude Thomas' Expert Testimony and Rebuttal Expert Testimony (ECF No. 16), the Court's ruling is temporarily **DEFERRED**. The parties **SHALL**, within 21 days, file status reports addressing the Court's concerns as expressed herein.

                                                                                    /s/
                                                                 **PETER J. MESSITTE**
                                        **UNITED STATES DISTRICT JUDGE**

**May 30, 2017**

---

[6] *See S States*, 318 F.3d at 596 (laying out "the following five-factor test for determining whether nondisclosure of evidence is substantially justified or harmless: (1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure that surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the [party's] explanation . . . ; and (5) the importance of the testimony"). Since a trial date has not been set, the delay in Thomas' disclosures has not disrupted any future trial. Additionally, Defendants have and will encounter no surprise or prejudice stemming from the substance of Thomas' expert testimony, especially given Thomas' willingness to extend discovery deadlines.