IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| SEAN THOMAS | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: 16-CV-3507 PJM |
| CVS PHARMACY, et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S DISCOVERY RESPONSES

Defendant Mars, Incorporated (hereinafter referred to as "Defendant"), by and through its undersigned attorney Roderick R. Barnes, Esquire with Rollins, Smalkin, Richards & Mackie, L.L.C., pursuant to Federal Rules 37(a) and Local Rule 104 hereby submits its Motion to Compel Plaintiff's Discovery Responses. As grounds, therefore, Defendant states as follows:

### BACKGROUND

The Plaintiff alleges that on January 15, 2013, at approximately 2:00 p.m., he purchased two (2) Almond Snickers bars that were manufactured and released into the stream of commerce by Defendant from the CVS Pharmacy located at 3601 Technology Place, Waldorf, Maryland. Plaintiff alleges that he began eating one of the Almond Snickers bars and bit into a nail that was concealed within the bar and causing him injury to his mouth and teeth. Plaintiff filed suit against Defendant and CVS Pharmacy (hereinafter referred to as "Co-defendant").

The Complaint alleges three causes of action against Defendant and Co-defendant: 1. Negligence: (i) the Defendant was negligent in the manufacturing of the Almond Snickers

bar by negligently and recklessly failing to prevent foreign objects from becoming part of products which were intended to be consumed by the purchasers of its products. (ii) the Co-defendant that regularly sold such products to the consumer breached its duty to the Plaintiff by selling a negligently manufactured product. 2. Breach of Warranty: (i) Defendant's warranted that the Almond Snickers bars that were made and sold to consumers for human consumption were fit, safe and in a proper and safe condition for the ordinary use for which they were designed, made and used. Plaintiff relied upon such warranties of merchantability. (ii) the Almond Snickers bar manufactured and sold by Defendant and resold to Plaintiff as the ultimate consumer by Co-defendant was not of merchantability quality. 3. Strict Liability: Defendant was the designer, manufacturer, seller and distributer of the Almond Snickers bar which it sold throughout the State of Maryland with the expectation that it would be eaten by consumers such as the Plaintiff. Defendant knowingly and recklessly designed and manufactured and placed the defective Almond Snickers bar into the stream of commerce, through Co-defendant, with the full knowledge and expectation that the Almond Snickers bar would reach consumers in a dangerous and defective condition that would harm consumers.

On or about December 13, 2016, Defendant propounded Interrogatories on the Plaintiff. Rule 33(b)(2) states: that the responding party must serve its answers and any objections within 30 days after being served with the interrogatories. Plaintiff's responses were due on or about January 13, 2017. Defendant, as required by Rule 37(a)(1), contacted Plaintiff's counsel on February 9, 2017 and conferred with Plaintiff's counsel regarding Plaintiff's overdue discovery responses. Plaintiff's counsel assured counsel for Defendant that his client's response would be provided by February 22, 2017. *See Exhibit #1: Email*

*communications between counsel for Plaintiff and Defendant.* On March 24, 2017, pursuant to Local Rule 104 and Fed Rule 37(a), Defense counsel sent Plaintiff's counsel a copy of the Discovery Motion to be filed if the discovery dispute could not be resolved. *See Exhibit #2: Copy of Motion to Compel and Exhibit #3: Copy of email dated March 24, 2017 to counsel for Plaintiff regarding Motion to Compel.* Later that same day, Plaintiff's counsel emailed Defense counsel stating that he would provide discovery responses "by the end of next week." *See Exhibit #4: Email response from Plaintiff's counsel.* At the time of filing this motion, Defense counsel has not received Plaintiff's discovery responses. Plaintiff's counsel has not initiated subsequent communication regarding his client's now grossly overdue discovery responses.

## **CONCLUSION**

Plaintiff's answers to interrogatories are more than three (3) months overdue from when Plaintiff *first* assured Defendant he would provide responses and over two (2) months overdue from Plaintiff's *second* assurance that he would provide Defense counsel his client's discovery responses. At this time, Plaintiff's discovery responses are more than four (4) months overdue as required by the rules. Defendant initiated contact with the Plaintiff regarding his client's overdue answers to interrogatories. Defendant has made multiple good faith efforts to resolve this discovery issue, but with little avail. The Court should therefore compel the Plaintiff to respond to Defendant's interrogatories.

Respectfully Submitted,

_____
Roderick R. Barnes (Bar #247795)
Rollins, Smalkin, Richards & Mackie, L.L.C

401 N. Charles Street
Baltimore, Maryland 21201
(410) 727-2443
rbarnes@rsrm.com
*Attorney for Defendant Mars, Incorporated*