# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SEAN THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. PJM-16-3507 |
| ) | |
| MARS, INC., *et al.* ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Mars, Incorporated submits its Motion to Compel Discovery ("the Motion") (ECF No. 25). The Court has reviewed the Motion, Plaintiff Sean Thomas' opposition thereto, and the applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court GRANTS the Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On or about December 13, 2016, Defendant Mars, Inc. ("Defendant") served upon Plaintiff's counsel its First Set of Interrogatories and Request for Production of Documents. Defendant claims that Plaintiff failed to answer, or object to, any of the Interrogatories or produce documents within 30 days, as required by the federal rules. ECF No. 25, p. 2. Subsequently, Defendant contacted Plaintiff's counsel on February 9, 2017 and had email correspondence concerning the overdue responses. ECF No. 25-1. Based on said correspondence, Plaintiff's counsel agreed to provide responses to Defendant's interrogatories by February 22, 2017. *Id.* On March 24, 2017, Defendant again contacted Plaintiff's counsel seeking responses, notifying Plaintiff's counsel of its intention to file a motion to compel, and attempting to schedule a meeting on March 27, 2017 to confer regarding the dispute. ECF No.

1

25-2. Plaintiff's counsel again responded with assurances that responses would be completed and sent "by [March 31, 2017]." ECF No. 25-3. As of the filing date, Defendant asserts that "Defense counsel has not received Plaintiff's discovery responses." ECF No. 25, p. 3. Defendant also contends that "Plaintiff's counsel has not initiated subsequent communication regarding [the] overdue discovery responses." *Id.*

Defendant claims that it "has made multiple good faith efforts to resolve this discovery issue, but with little avail." ECF No. 25, p. 3. Plaintiff's counsel in turn claims that it provided Defendant's counsel with unexecuted Answers to Defendant's Interrogatories and the Response to the Request for Production of Documents on June 27, 2017, before the conclusion of discovery. ECF No. 26, p. 1. Plaintiff further claims that Defendant "has not been prejudiced by this delay" due to discovery being extended. *Id.*

## **DISCUSSION**

Defendant complied with the spirit of the certification requirements of Federal Rule of Civil Procedure 37(a) and Local Rule 104.

### I. Defendant provided a Certification of Conference pursuant to Fed. R. Civ. P. 37(a)(1).

Federal Rule of Civil Procedure 37(a)(1) requires that the "motion [to compel] must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37. Here, Defendant provided sufficient evidence that an initial attempt to confer was made through email correspondence. ECF No. 25-2. While Plaintiff's counsel responded with an assurance of production of responses, Plaintiff's counsel chose not to acknowledge or respond to Defendant's proposed conference. ECF No. 25-3. Likewise, Defendant did not affirmatively grant Plaintiff's request for additional time, nor did Defendant

2

abandon its attempt to confer. As such, Defendant has satisfied the requirements of Federal Rule 37(a) by attempting to confer to settle this dispute.

## II. Defendant satisfied Local Rule 104.7 by providing substantive evidence of its attempt to confer with Plaintiff's counsel.

The Maryland Federal Court Rules require parties to "confer with one another concerning a discovery dispute[.]" Local Rule 104.7 (D. Md.). The rule states:

> The Court will not consider any discovery motion *unless* the moving party has filed a certificate reciting (a) the date, time and place of the discovery conference, and the names of all persons participating therein, or (b) *counsel's attempts to hold such a conference without success*; and (c) itemization of the issues requiring resolution by the Court.

(Emphasis added.) While Defendant has failed to include a formal certificate, Defendant has provided substantive evidence to support its assertion that an attempt to confer had been made to Plaintiff's counsel. ECF No. 25-2. Defendant's repeated attempts by telephone and email to obtain the responses requested, along with the written attempt to confer, satisfy Local Rule 104.

## III. Plaintiff's opposition to the Motion fails to address deficiencies presented.

Plaintiff's opposition to the Motion is not persuasive, as any objections therein are considered waived. Producing unsigned Answers to Interrogatories is not acceptable. If a party fails to timely serve objections and responses to discovery requests, the party waives any objections unless the Court finds good cause to excuse the failure to respond. Fed. R. Civ. P. 33(b)(4).

Plaintiff's Opposition to this Motion stated four main points, each of which the Court, for the following reasons, finds unpersuasive. First, Plaintiff claims that Defendant's discovery requests were served while the case was still in state court. However, the record reflects service occurred while this case was in the current court, as removal occurred October 10, 2016 and service occurred "on or about December 13, 2016." ECF No. 1; ECF No. 25, p. 2. Second, Plaintiff claims its counsel delivered unexecuted Answers to Defendant's counsel. As of the date of the filing of the Motion,

Defendant has yet to receive acceptable answers to interrogatories. Third, Plaintiff claims that its counsel delivered Responses to Defendant's Request for Production of Documents. However, as Plaintiff's opposition states, responses were sent on June 27, 2017, on the same day the Opposition was filed and a full fourteen days after the Motion had been filed. Finally, Plaintiff argues that its delay in providing responses has not prejudiced Defendant in this matter, as discovery had not yet closed. The Court finds this line of reasoning unconvincing to elicit "good cause" for purposes of excusing Plaintiff's failure to respond.

Here, the Court does not find "good cause" to excuse Plaintiff's failure to provide timely discovery requests. Defendant's motion will therefore be granted.

## **CONCLUSION**

Based on the foregoing, the Court GRANTS the Motion. Plaintiff has ten (10) days from the date of this Order to provide the requested discovery.

September 8, 2017                                           /s/
                                                Charles B. Day
                                                United States Magistrate Judge

CBD/gbc